**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

HERMAN RANKIN                                                                    PLAINTIFF
ADC #163645

v.                                          5:17CV00076-DPM-JJV

STEEDRIC COOPER, IPO,
Delta Regional Unit; *et al.*                                              DEFENDANTS

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>

<u>**INSTRUCTIONS**</u>

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.     BACKGROUND

Herman Rankin ("Plaintiff") is incarcerated at the Delta Regional Unit of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 2.)  Plaintiff alleges he has been granted parole and has been accepted into Community Transitional Services, The Lighthouse, and a Safe Harbor affiliate facility; however, he remains incarcerated. (*Id*. at 3.)  After careful review of the Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II.    SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted

2

if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    ANALYSIS

The allegations in Plaintiff's Complaint lack specificity, but he appears to be challenging his continued incarceration after having been granted parole and admission into three transitional facilities. I am sympathetic to Plaintiff's claim. But he simply fails to raise a constitutional claim because Plaintiff has no protected liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). While state statutes governing parole may provide a protectible entitlement, the Arkansas parole statutes do not create a protected liberty interest. *See Parker v. Corrothers*, 750 F.2d 653, 657 (8th Cir. 1984); *see also Hamilton v. Brownlee*, 237 Fed. App'x 114, 115 (8th Cir. 2007) (per curiam).

Moreover, Plaintiff's Complaint fails to explain what, if any, role the named Defendants played in the alleged violation. Defendants Lisa Bass, Shanon McFadden, Wendy Kelley, and Darryl Golden are not mentioned in the Statement of Claim. (Doc. No. 2 at 3.) Defendant K. Payne is mentioned, but Plaintiff only states he or she faxed his paperwork to Community Transitional Services. (*Id.*) The only actual allegation is levied against Defendant Steedric Cooper. (*Id.*) Plaintiff claims Defendant Cooper made untruthful statements, but he does not identify or explain

any connection between those statements and Plaintiff's continued incarceration. (*Id*.) Thus, even if Plaintiff had a protected liberty interest in being conditionally released on parole, his Complaint does not plead enough facts to state a claim to relief that is plausible on its face.

For these reasons, I find Plaintiff's Complaint fails to state a claim upon which relief may be granted. If Plaintiff has additional information that would bolster his allegations, he should provide that information in his objections to this Recommended Disposition.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.     Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 6th day of April, 2017.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."